IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MCC MANAGEMENT OF NAPLES, INC., a Florida Corporation; BGC II MANAGEMENT OF NAPLES, INC., a Florida Corporation; MILES C. COLLIER, individually; and BARRON G. COLLIER, II, individually, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-06-1345-M |
| INTERNATIONAL BANCSHARES CORPORATION, a Texas corporation; and INTERNATIONAL BANK OF COMMERCE, a Texas corporation, | ) ) ) ) ) | |
| Defendants and Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| KRISTY CARVER, | ) ) | |
| Third-Party Defendant and Additional Defendant. | ) ) | |

## **ORDER**

Before the Court is Defendants' Motion to Exclude Testimony of Plaintiffs' Expert, Scott M. Knutson, and Brief in Support [docket no. 182], filed January 4, 2010. On January 20, 2010, plaintiffs filed their response, and on January 25, 2010, defendants filed their reply.

Also before the Court is Defendants' Motion to Exclude Testimony of Plaintiffs' Expert Thomas D. Morgan and Brief in Support [docket no. 181], filed January 4, 2010. On January 20, 2010, plaintiffs filed their response, and on January 25, 2010, defendants filed their reply.

The Court held an evidentiary hearing on February 3rd and 4th, 2010, during which proposed experts Scott M. Knutson ("Knutson") and Thomas D. Morgan ("Morgan") testified. Based upon

the parties' submissions and the proposed experts' testimony from the evidentiary hearing, the Court makes its determination.

I.   Background

This action arises out of the propriety of certain tax benefits received by defendants' predecessor in interest that plaintiffs contend rightfully belong to them. On December 7, 2006, plaintiffs commenced this action alleging: breach of contract, breach of fiduciary duty, constructive fraud, fraud in the inducement, breach of the covenant of good faith and fair dealing, unjust enrichment, actual fraud and negligent misrepresentation. In response, defendants asserted counterclaims against plaintiffs for specific performance and breach of contract as related to the 2002 Resolution and Modification Agreement ("RMA") and for tortious interference with confidentiality and non-solicitation agreements, champerty and conspiracy to breach fiduciary duty of loyalty with respect to their contact with third-party defendant and additional defendant Kristy Carver.

Defendants move to exclude the testimony of plaintiffs' proposed expert, Knutson, an attorney who specializes in negotiating and drafting tax benefit provisions and in interpreting Federal Deposit Insurance Corporation ("FDIC") Assistance Agreements. Defendants also move to exclude the testimony of plaintiffs' proposed expert, Morgan, a law professor whose recognized expertise is rooted in legal ethics. Defendants assert these proposed experts fail to meet the requirements set forth in Rule 702, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and its progeny.

II.   Standard of Review

Federal Rule of Evidence 702 governs the admissibility of scientific or technical expert

testimony and testimony based on other specialized knowledge. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. In *Daubert*, the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Expert testimony must "assist the trier of fact to understand or to determine a fact issue in the case," a requirement that "goes primarily to relevance." *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994) (internal quotations omitted).

In *Kumho Tire*, the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumbo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). The *Kumho Tire* Court recognized that in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. "[T]he trial judge

[has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

As part of the reliability inquiry under Federal Rule of Evidence 702, the Court must determine whether the witness is qualified to testify as an expert. For an expert to be qualified, the party offering the expert must show that the expert possesses "such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 1998). The Tenth Circuit has held that this standard should be construed and applied liberally. *United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995). Expertise in a specialized area directly related to the issue in question is generally not required, however, as long as the expert "stays within the reasonable confines of his subject area." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001) (internal quotation omitted). In general, "a lack of specialization does not affect the admissibility of [the expert] opinion, but only its weight." *Id.*

III. Discussion

    A. Qualifications

The Court begins its *Daubert/Kumho* gatekeeping function with a determination of whether Knutson and Morgan are qualified to testify.[1] A review of Knutson's background reveals that he is a tax attorney with specialized experience handling issues relating to FDIC assistance agreements and tax rules applicable to bad debt reserves. He has negotiated tax benefit provisions in over two hundred (200) acquisition and transaction-related documents which demonstrates his broad

---

[1] Defendants do not dispute either Knutson's or Morgan's qualifications to render the opinions they propose to provide as experts in their respective areas.

experience in the custom and practice of tax laws applicable to financial institutions. Knutson appears to have a thorough understanding of the Tax Code and its interplay between provisions of the assistance agreements, a highly technical area relevant to tax sharing provisions. Knutson holds a Master Degree in Business Tax and serves as an adjunct professor teaching tax-related courses.

In light of the above, the Court finds that Knutson possesses such skill, experience or knowledge concerning the relevant tax provision to allow his opinion to rest on substantial foundation, and the testimony by someone with this type of background would aid the trier of fact in the search for truth. Accordingly, the Court finds that Knutson is qualified to testify on the following issues: (1) the relationship between the tax benefit sharing provision set forth in Section 9 of the Assistance Agreement and the tax benefit provision set forth in Sections 1.1 and 5.1 of the 1997 Redemption Agreement; (2) the custom and practice of drafting tax benefit provisions in business transaction documents similar to the 1997 Redemption Agreement; and (3) express an opinion as to whether plaintiffs are entitled to recover tax benefits at issue in this case under the terms of the tax benefits provision set forth in Sections 1.1 and 5.1 of the 1997 Redemption Agreement.

Morgan is plaintiffs' proposed expert on the subject matter of legal ethics. An attorney by training, Morgan has primarily served as a professor of law at various law schools specializing in the area of the professional obligation of lawyers. For nearly four decades, Morgan has taught courses on that subject and has authored and co-authored several publications in this area including a widely used casebook on professional responsibility. Morgan has served on national committees and has received awards for his scholarship on legal ethics.

Because Morgan possesses such skill, experience and knowledge, the Court finds that

Morgan is eminently qualified to testify concerning the rules and regulations governing legal professionals. Clearly, testimony by someone with this type of background would aid the trier of fact in the search for truth. Accordingly, the Court finds Morgan is qualified to testify as to professional responsibility standards.

B. Methodology

1. Knutson

Defendants' objections to Knutson's proposed expert testimony and report are based on the reliability and relevance of the purported evidence, and specifically, whether the principles and methodology he used are sound. Defendants assert that Knutson's testimony should be excluded because: (1) his opinions are legal conclusions and, therefore, invade the province of the Court; (2) he failed to consider certain key facts and relies on hypothetical scenarios which undermine his testimony; and (3) his expert testimony is not credible because he acted as a consulting expert prior to becoming a testifying expert.

The Court, in performing its gatekeeping function under *Daubert/Kumho*, finds that Knutson's proposed testimony is relevant to the issues in this case. His methods are reliable and would assist the trier of fact in understanding the interplay between the provisions of the Tax Code as they apply to financial institutions and the provisions of Assistance Agreements at issue in this case. Knutson's methods are also sufficiently reliable to assist the trier of fact in understanding the custom and practice of drafting tax benefit provisions in business transactions similar to the agreements in this case, and to express an opinion as to who is entitled to recover tax benefits at issue under the terms of the tax benefits.

The Court finds that the methodology employed by Knutson in evaluating the subject matter

in question and formulating his opinion does not invade the province of the Court. Specifically, Knutson appears to confine his analysis to the area of his expertise without invading the province of the Court. Furthermore, the Court has determined that the contract provisions at issue in the case are ambiguous.

Given the highly technical matters presented in this case, the Court finds that Knutson employs the same level of intellectual rigor that characterizes the practice of an expert in the field. The mere fact that Knutson offers three possible interpretations in the analysis of the contract at issue is indicative of the methodology employed within the relevant professional community. This methodology involving the analysis of three interpretations has been subjected to peer review and publication, and, therefore, rests upon substantial foundation. It is clear that Knutson studied a range of possible interpretations and that his education, professional experience and training qualifies him to testify regarding issues of fact in this case.

As related to defendants' assertion that Knutson failed to consider certain key facts and relies on hypothetical scenarios which undermine his testimony, the Court finds that Knutson's proposed testimony is confined to certain evidence. The Court finds that defendants' arguments challenging key facts and use of certain hypotheticals, go to the credibility of Knutson's expert opinion rather than its reliability. The weighing of the evidence, in this case, Knutson's expert opinion, is more suitable for resolution by the jury. Finally, the Court finds the mere fact that Knutson previously served as an advisor to plaintiffs does not preclude him from testifying as an expert in this case.

"The plaintiff[s] need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the

7

opinion is based on facts which sufficiently satisfies Rule 702's reliability requirements." *Mitchell v. Gencorp, Inc.*, 165, F.3d 778, 781 (10th Cir. 1999) (internal citation omitted). The records in this case demonstrate that the methods employed by Knutson in reaching his conclusion are scientifically sound and that his opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements. Accordingly, the Court finds no basis to disqualify Knutson's expert testimony and report.

        2.    Morgan

In their motion, defendants do not contend that the legal concepts to which Morgan refers in forming his opinions are in any way wrong or incorrectly stated, or that his testimony would not be helpful to the jury. Instead, defendants object to Morgan's proposed expert testimony and report and his reliance upon Judge Steele's Order on a motion to strike from related litigation in the United States District Court for the Middle District of Florida. Defendants argue that Morgan should offer his testimony without reference to the Florida litigation.

The Court, in performing its gatekeeping function under *Daubert/Kumho*, finds that Morgan employed the level of intellectual rigor in making his finding which characterizes the practice of an expert in his field. Specifically, the Court finds that Morgan considered a number of standards governing legal professionals including the American Bar Association's model rules and the relevant Oklahoma rules. Morgan's methods are reliable and would assist the trier of fact in understanding legal ethics as applicable in this case.

As related to the Florida litigation, the Court finds that it was proper for Morgan to consider a court opinion directly related to the issues presented in this case. Specifically, Morgan is permitted to proffer into evidence that he considered the Florida litigation in his expert report and in forming

his opinions in this case.[2]

While the methods employed by Morgan in reaching his conclusion is scientifically sound and his opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements, the Court finds that Morgan is fit to offer his testimony and report, including references to the Florida litigation.

IV.   Conclusion

Accordingly, the Court DENIES Defendants' Motion to Exclude Testimony of Plaintiffs' Expert, Scott M. Knutson, and Brief in Support [docket no. 182] and Defendants' Motion to Exclude Testimony of Plaintiffs' Expert Thomas D. Morgan and Brief in Support [docket no. 181] in their entirety.

**IT IS SO ORDERED on this 8th day of February, 2010.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] As indicated in the simultaneously entered motion in limine, the Court give a limiting instruction to be presented to the jury before evidence of the Florida litigation is offered. The parties are directed to submit a joint and agreed limiting instruction by Tuesday, February 9, 2010 at 9:00 a.m.