IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MCC MANAGEMENT OF NAPLES, INC., )
a Florida Corporation; BGC II MANAGEMENT )
OF NAPLES, INC., a Florida Corporation; )
MILES C. COLLIER, individually; and )
BARRON G. COLLIER, II, individually, )
 )
    Plaintiffs, )
 )
vs. ) Case No. CIV-06-1345-M
 )
INTERNATIONAL BANCSHARES )
CORPORATION, a Texas corporation; and )
INTERNATIONAL BANK OF COMMERCE, )
a Texas corporation, )
 )
    Defendants and Third-Party )
    Plaintiffs, )
 )
vs. )
 )
KRISTY CARVER, )
 )
    Third-Party Defendant and Additional )
    Defendant. )

## ORDER

This Order memorializes the rulings made on the parties' motions in limine at the February 5, 2010 Pretrial Conference. Furthermore, the Order sets forth rulings on matters which were reserved at the Pretrial Conference and on matters which were further briefed by the parties.

I.     Plaintiffs' Motions in Limine

    1.     The Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion *In Limine* Regarding Defendants' Successor Liability [docket no. 230] as follows: the parties are prohibited from directly or indirectly referring to, inquiring about, introducing, arguing or mentioning in any way during the liability phase of trial that defendants should not be held liable for the damages in this case because the events giving rise to plaintiffs' damages claims occurred prior to the time that defendants acquired, by merger, Local Financial Corporation and Local Oklahoma Bank (collectively "Local"), or because the employees of Local involved in the decisions to take the

deductions at issue are no longer employed by defendants (referred to as "successor liability"). The Court finds that this evidence is irrelevant to the liability phase of trial. However, should the instant case proceed to a punitive damages stage of trial, the parties may present evidence as related to successor liability.

2. The Court DENIES Plaintiffs' Motion in Limine Regarding Defendants' Advice of Counsel Defense [docket no. 232]. Because the core of evidence in this case centers upon the advice of counsel, and specifically, evidence of actions and communications between principals and various legal counsel and tax advisors, the Court finds this evidence is highly relevant to issues presented in this case.[1]

II. Defendants' Motions in Limine

1. The Court GRANTS IN PART and DENIES IN PART Defendants' Consolidated Motion in Limine and Brief in Support [docket no. 240] as follows:

   a. The Court DENIES defendants' motion in limine with reference to Judge Steele's Order concerning the motion to strike in the related litigation in the United States District Court for the Middle District of Florida, as the Court finds the proferred evidence is relevant and probative, but not unduly prejudicial.[2]

   b. The Court GRANTS defendants' motion in limine as related to: its prior tax positions; Securities and Exchange Commission ("SEC") disclosures, auditor's responses and related evidence; receipt of Troubled Assert Relief Program ("TARP") funds; and a reduction in force. The Court finds this evidence is irrelevant. However, if any party "opens the door" to evidence regarding these matters, then the opposing party will be allowed to offer evidence as described above.

   c. The Court DENIES defendants' motion in limine concerning the opinions or statements of other witnesses. Because these issues are posed in the abstract, the Court finds that the evidentiary issues and questions posed by this motion in limine are the type of contemporaneous objections commonly raised at trial and ruled upon by the Court prior to the witness's response.

---

[1] The Court, however, will give a limiting instruction on the reliance of advice of counsel and its application as an affirmative defense in this case. The parties are directed to submit a joint and agreed limiting instruction by Tuesday, February 9, 2010 at 9:00 a.m.

[2] The Court, however, will give a limiting instruction as related to evidence of the Florida litigation. The parties are directed to submit a joint and agreed limiting instruction by Tuesday, February 9, 2010 at 9:00 a.m.

    Accordingly, the Court will decide whether the evidence is admissible within the context of other evidence presented during the trial.

  d. The Court DENIES as MOOT defendants' motion in limine pertaining to attorney fees and costs invoices produced by defense counsel, as defendants appear to have amended their theory of recovery in relation to attorney fees and costs.

  e. The Court DENIES defendants' motion in limine regarding the document Bates-labeled KPMG411-412. The Court finds that the instant document is admissible as a record of regularly conducted activity, a hearsay exception such that the availability of the declarant is immaterial.[3] Even assuming the instant document is not a record of regularly conducted activity, the Court finds that the instant document, and specifically the handwriting on the document, is a relevant admission by a party opponent and, therefore, admissible on this basis, if the evidence demonstrates the external auditor was acting as an agent of defendants.[4]

  f. The Court GRANTS IN PART and DENIES IN PART defendants' motion in limine as to their financial condition. While the Court finds such evidence irrelevant during the first stage of trial, evidence of defendants' financial condition is relevant and may be presented during the second stage of trial

---

 [3] *See* 1972 Proposed Rules as related to the Federal Rule of Evidence 803 which sets forth that the unavailability of the declarant is not a relevant factor under this rule.

 [4] *See* Notes to Federal Rule of Evidence 801(d)(2) observing that "[a]dmissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversarial system rather than satisfaction of the conditions of the hearsay rule. .... No guarantee of trustworthiness is required in the case of an admission. The freedom which admissions have enjoyed from technical demands of searching for an assurance of trustworthiness in some against-interest circumstance, and from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge, when taken with the apparently prevalent satisfaction with the results, calls for generous treatment of this avenue to admissibility."

 Furthermore, in the element of Rule 801(d)(2) which governs admissions resulting from agency relationship, the following is set forth in the Notes to subsection C: "[n]o authority is required for the general proposition that a statement authorized by a party to be made should have the status of an admission by the party. However, the question arises whether only statements to third persons should be so regarded, to the exclusion of statements by the agent to the principal. The rule is phrased broadly so as to encompass both. While it may be argued that the agent authorized to make statements to his principal does not speak for him, ... communication to an outsider has not generally been thought to be an essential characteristic of an admission. Thus, a party's books or records are usable against him, without regard to any intent to disclose to third persons."

as related to punitive damages, if a second stage is required in this case.

**IT IS SO ORDERED this 8th day of February, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE