IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MCC MANAGEMENT OF NAPLES, INC., a Florida corporation; BGC II MANAGEMENT OF NAPLES, INC., a Florida corporation; MILES C. COLLIER, individually; and BARRON G. COLLIER II, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> INTERNATIONAL BANCSHARES CORPORATION, a Texas corporation; and INTERNATIONAL BANK OF COMMERCE, a Texas corporation, <br><br> Defendants and Third-Party Plaintiffs, <br><br> vs. <br><br> KRISTY CARVER, <br><br> Third-Party Defendant. | Case No. CIV-06-1345-M |

**ORDER**

Before the Court is Defendants' Motion for Mistrial and Brief in Support [docket no. 331], filed February 19, 2010. On February 22, 2010, plaintiffs and third-party defendant jointly filed their response. Based upon the parties' submissions, the Court makes its determination.

I.  Background

This motion relates back to the Court's decision to allow evidence of a related proceeding from the United States District Court for the Middle District of Florida between plaintiffs ("the Colliers") and the law firm of Arnold & Porter. In that proceeding, United States District Judge

1

John Steele issued an Order and Opinion in connection with a motion to strike certain allegations from the Amended Complaint on the basis that the information was derived from privileged and confidential communications between Arnold & Porter and its client, Local Financial Corporation ("Local"). The Florida Court held that disclosures of Kristy Carver, third-party defendant in the instant case, to the Colliers concerning Local's tax deductions were not privileged or confidential communications. Judge Steele also held that his ruling on the motion to strike was preliminary, non-dispositive and non-binding.

In the instant case, defendants and third-party plaintiffs International Bancshares Corporation and International Bank of Commerce (collectively "IBC") moved in limine to exclude any reference to the Florida Court's ruling on the motion to strike. After reviewing the parties' submissions, and having heard arguments at length at the Pre-Trial Conference, the Court denied the motion in limine because the proceedings in Florida were intertwined with those involved in this case. Consequently, the Court found that the proffered evidence is relevant and probative and not unduly prejudicial. The Court also ordered the parties to submit a joint and agreed limiting instruction in connection with the Florida Litigation to be read to the jury.[1] The Court amended its ruling to reflect that the parties were permitted to refer to and direct inquiries about Judge Steele's Order and Opinion and its findings, but that this Order and Opinion would not be introduced into evidence due to the risk

---

[1] In its entirety, the Florida Litigation Instruction provides as follows: "You have heard or will hear testimony and argument regarding a lawsuit by the Colliers against the law firm of Arnold & Porter, including an Order issued by Judge Steele, the judge in the Florida Case. You are instructed that you are the ultimate finders of fact and the credibility of witnesses in this case. I have already ruled in this case that Judge Steele's opinion is not binding on this Court. His opinion also is not binding on you. You may give it the weight and significance, if any, you find it deserves. Further, you are bound to apply the law as I instruct you at the end of this case, regardless of any rulings made by Judge Steele in the Florida Case."

of confusion of the issues and possibility of undue prejudice.

Furthermore, IBC filed a motion pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and its progeny as related to the Colliers' proposed expert, Thomas D. Morgan ("Morgan"). In their *Daubert* motion, IBC objected to Morgan's reliance upon Judge Steele's Order and Opinion on the motion to strike from the Florida Litigation. The Court determined that Morgan could properly consider and rely upon the Florida Litigation in his expert report as it was evidence of a court opinion directly related to issues presented in this case. Applying the *Daubert* criteria, the Court concluded that Morgan was permitted to testify as an expert in this case.

On February 17, 2010, Morgan testified as an expert for the Colliers. IBC's motion for mistrial is ostensibly based upon the testimony of Morgan and his testimony related to the Florida Litigation.

II.     Standard of Review

"It is of course the duty of the trial judge to insure that all parties receive a fair trial." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1308 (5th Cir. 1977). "The matter of declaring a mistrial, or not, because of improper, voluntary statements of a witness varies according to the atmosphere of each trial. Of necessity it is a matter peculiarly within the sound discretion of the trial judge. [S]he is on the scene and is in a better position than we, as a reviewing court, in assessing the potentially prejudicial impact of conduct...." *Standard Indus., Inc. v. Mobil Oil Corp.*, 475 F.2d 220, 228 (10th Cir. 1973) (internal citation omitted). "The exercise of this discretion includes determining whether giving a cautionary instruction, rather than ordering a mistrial, can prevent any possible prejudice." *Testa v. Vill. of Mundelein*, 89 F.3d 443, 445 (7th Cir. 1996).

III.    Discussion

IBC asserts that the Court erred in permitting Morgan and other unspecified witnesses to reference Judge Steele's Order and Opinion and because witnesses have been referring to it, a mistrial must be granted. IBC avers that Morgan's recent testimony has injected such additional prejudicial error into this proceeding that no adequate remedy is available to IBC other than a mistrial. Specifically, IBC contends that Morgan improperly advised the jury what the law is and how it should be applied in this case when he repeatedly instructed the jury that based on Judge Steele's Order and Opinion, Carver's disclosures to the Colliers were proper and did not violate various contractual and fiduciary duties. According to IBC, whether Carver acted in violation of contractual and fiduciary obligations are exactly the issues the jury is meant to decide in this case. In addition to complaints that Morgan blatantly misrepresented the law of this case, IBC also opines that prejudice was compounded to an irremedial degree when Morgan stated his belief of what law should govern the case based upon a purported order deciding the same issues as the jury is to decide.

Having reviewed the parties' submissions, the Court finds that the testimony of Morgan does not entitle IBC to a mistrial. Morgan's testimony makes abundantly clear that Judge Steele's Order and Opinion is but one of the sources he relied upon in forming his opinion. IBC raises snippets of Morgan's testimony as a basis for a mistrial -where his interpretation of the scope and effect of Judge Steele's Order and Opinion was subject to cross-examination on the weight and credibility as related to the weight the evidence should be given in this case. While IBC points to snippets of Morgan testimony as a basis for mistrial, the Court finds when Morgan's testimony is viewed in its entirety, Judge Steele's Order and Opinion was not overly emphasized. Furthermore, the Court finds perverse that IBC would rely upon Morgan's responses to questions its own counsel elicited upon

4

cross examination as a basis for a mistrial in this case.

In this Court's view, the instant motion boils down to a challenge to the weight and credibility that should be accorded to the evidence - the weight and credibility of which was subject to cross examination. Clearly, the use of judicial opinions as substantive evidence presents the obvious danger that the jury might be confused as to the proper weight to give such evidence. To minimize this danger, and in light of the fact of the intertwined nature of the Florida proceedings to this case, the Court read a joint and agreed detailed limiting instruction to the jury. In this Court's view, any error by way of the Florida Litigation was cured by the Court's directive in the form of the limiting instruction specifying that the weight and credibility of the evidence is within the sole determination of the jury.

Because Morgan's expert testimony was extremely probative evidence to the issues of this case, the Court finds that a mistrial should not be declared based upon his testimony.

To the extent that IBC asserts that Judge Steele's Order and Opinion never should have been allowed in this case, the Court finds that these recycled arguments from their motion in limine were previously decided by the Court.

IT IS THEREFORE ORDERED that IBC's motion for mistrial be denied in its entirety.

IT IS SO ORDERED this 25th day of February, 2010.

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE