IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MCC MANAGEMENT OF NAPLES, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL BANCSHARES CORPORATION, et al., | ) | Case No. CIV-06-1345-M |
| | ) | |
| Defendants and Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KRISTY CARVER, | ) | |
| | ) | |
| Third-Party Defendant and Additional Defendant. | ) | |

**ORDER**

Before the Court is Defendants' Motion for Review and Amendment of Clerk's Order Taxing Costs and Brief in Support [docket no. 382], filed May 4, 2010. On May 25, 2010, plaintiffs filed a response, and on May 26, 2010, plaintiffs filed an amended response. Based upon the parties' submissions, the Court makes its determinations.

On March 5, 2010, the Court entered final judgment in favor of plaintiffs. Plaintiffs, thereafter, filed a bill of costs and motion for costs on March 19, 2010, seeking reimbursement for various costs. On April 27, 2010, the Court Clerk assessed costs against defendants in the amount of $153,138.56. Defendants now move the Court to review the Court Clerk's taxation of certain costs and reduce the total amount of costs by at least $39,132.29.

The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

The "necessarily obtained for use in the case" standard does not

> allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case."

*In re Williams Sec. Litig.*, 558 F.3d 1144, 1147-48 (10th Cir. 2009) (internal citations omitted). Further,

> [the court does] not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. [The court] base[s] this determination, instead, solely on the particular facts and circumstances at the time the expense was incurred.

*Id.* at 1148 (internal quotations and citations omitted). "[T]he taxing of costs rests in the sound discretion of the trial court, and the exercise of such discretion will not be disturbed on appeal except in cases[s] of abuse." *Gabbo Farms & Orchards v. Pode Chem. Co.*, 81 F.3d 122, 124 (10th Cir. 1996) (internal citation omitted).

First, defendants assert that the Court Clerk improperly taxed them in the amount of $30,483.99 in costs incurred with depositions taken in the Florida Litigation against Arnold & Porter, or costs incurred in another case. Plaintiffs counter that Tenth Circuit case law confirms that depositions taken in related proceedings for use in both cases are properly taxable if depositions were actually used in both cases.

In pertinent part, the Tenth Circuit has observed that "[a] district court does not abuse its discretion in taxing transcription costs associated with depositions that were actually utilized by the court in considering [a] motion for summary judgment." *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997) (internal citations and quotations omitted). Furthermore, "[o]ur cases establish that if deposition transcripts or copies were offered into evidence, were not frivolous, and were withing the bounds of vigorous advocacy, costs may be taxed." *In re Williams Sec. Litig.*, 558 F.3d at 1148 (internal citations and quotations omitted).

Certainly, the Florida depositions were utilized by defendants in Defendants' Motion for Summary Judgment, *Daubert* motions against Thomas Morgan and Scott Knutson, and in cross-examination at trial. The Court finds that these costs were "reasonably necessary to the litigation of the case" and, therefore, taxes $30,483.99 in costs incurred from the Florida depositions to this case.

Next, defendants assert that plaintiffs should not have been awarded costs in the amount of $6,868.30 for the court reporter's attendance at depositions. In support of their assertion, defendants cite multiple district court cases from within this Circuit as ample authority that a court reporter's fee for attendance at a deposition is not recoverable. Plaintiffs assert that federal courts in this Circuit, counter to defendants' assertion, have taxed as costs the court reporter's attendance fees.

There appears to be a split of authority on the issue of whether a court reporter's attendance fees may be taxed as costs. It is true that some courts have held that a court reporter's "appearance fees" or "per diem" charge is a cost involved in taking the deposition, such fees do not correlate to actual production of the deposition transcript and are not contemplated under the statute providing for taxation as "costs" of fees of court reporter for stenographic transcript. *Hansen v. Sea Ray Boats, Inc.*, 160 F.R.D. 166 (D. Utah 1995). However, other courts have held that the costs related to depositions are allowable because "a district court has great discretion to tax that cost of depositions if it determines that all or any part of the deposition was necessarily obtained for use in the case, even if not actually used in the trial itself. Necessity is a factual determination." *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 664 (D. Kan. 2005). Indeed, "[i]f the expense of the deposition is held taxable, it is clear that the prevailing party is entitled to recover the fee of the officer presiding at the examination." 10 Wright, Miller & Kane, *Federal Practice and Procedure:*

Civil 3d § 2676 (1998).

Having reviewed the parties' submissions, the Court finds that the relevant depositions are taxable and "reasonably necessary to the litigation of the case" such that the court reporter's attendance fees are recoverable under the principle of fees which are allowable for an officer presiding at the examination. The Court, therefore, finds that costs in the amount of $6,868.30 for the court reporter's attendance at depositions are proper.

Defendants also assert that plaintiffs should not have been awarded costs in the amount of $6,362.50 associated with video depositions not utilized at trial, not necessary for trial, and only taken for the convenience of counsel. It is well established where both videotapes and transcripts were "necessarily obtained," that the costs related to obtaining both may be taxed as costs. *Tilton*, 115 F.3d at 1478-79. In this case, several of the witnesses were beyond the subpoena power of the Court, and it appears that it was unknown at the time of the depositions whether the deponents would be available for trial. Viewing the facts in the light known to the parties at the time the expenses were incurred, the Court finds that these expenses were "necessarily obtained" for this case and such costs in the amount of $6,362.50 are allowable.

Further, defendants assert improperly taxed miscellaneous expenses related to the videotaped depositions taken in this case should be reduced by at least $1,780.00 because these costs were merely for the convenience of counsel. However, it is within a court's discretion to award costs incidental to depositions such as delivery charges by a court reporter. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). The Court, therefore, finds that the challenged miscellaneous and delivery charges are "reasonably necessary to the litigation of the case," and therefore, should not be reduced.

4

Finally, defendants challenge the costs related to videotape depositions taken of the Florida depositions and request a reduction of at least $608.75. The Court, having previously found that the expenses incurred in obtaining the Florida depositions are taxable in this case, further finds that miscellaneous expenses related to the videotaped depositions taken in the Florida litigation are taxable in this case. The Court, therefore, declines to reduce the amount of costs on this basis.

Accordingly, the Court DENIES Defendants' Motion for Review and Amendment of Clerk's Order Taxing Costs and Brief in Support and AWARDS plaintiffs costs in the amount of $153,138.56.

**IT IS SO ORDERED this 8th day of September, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE