# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MCC MANAGEMENT OF NAPLES, INC., et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| INTERNATIONAL BANCSHARES CORPORATION, et al., | ) Case No. CIV-06-1345-M |
| Defendants and Third-Party Plaintiffs, | ) |
| v. | ) |
| KRISTY CARVER, | ) |
| Third-Party Defendant and Additional Defendant. | ) |

## ORDER

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Brief in Support [docket no. 373], filed April 16, 2010. On June 22, 2010, defendants filed their response, and on June 29, 2010, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I. BACKGROUND

On March 3, 2010, the jury rendered a verdict in favor of plaintiffs and against defendants on plaintiffs' claims for breach of contract, breach of duty of good faith and fair dealing, breach of fiduciary duty, false representation, non-disclosure, constructive fraud and negligent misrepresentation. On March 4, 2010, the jury rendered a verdict in favor of plaintiffs for punitive damages in the amount of $1,429,392.00. On the same day, the Court entered a Judgment on the jury's verdict against defendants for actual and punitive damages in the amount of $17,223,312.00.

Plaintiffs now move the Court to recover attorneys' fees incurred in the amount of $2,599,744.50.[1]

As the prevailing parties in this action, plaintiffs assert they are contractually entitled to recover the full amount of their attorneys' fees incurred pursuant to the 2002 Resolution and Modification Agreement ("RMA"):

> Specifically, this [Agreement] shall include without limitation, the right of the non-defaulting party to seek the specific performance of this Agreement and of the prevailing party in any legal action brought by any party hereto to enforce this Agreement to recover the full amount of its reasonable attorneys' fees and court costs incurred in the bringing of such action hereunder.

Motion, Exhibit 1, at 13, ¶ 8. In contrast, defendants assert a reduction in plaintiffs' claimed attorneys' fees is warranted on the basis of:

> (1) the failure to present detailed time records and justification for the attorneys' fees claimed and work performed;
>
> (2) the failure to apportion attorneys' fees between tort and contract claims;
>
> (3) the unnecessary and duplicative three-firm structure utilized by plaintiffs;
>
> (4) unnecessary and excessive conferences between plaintiffs' three firms;
>
> (5) the filing of this action in Florida and attempted intervention into the state court action;
>
> (6) opposing and then accepting the terms of the protective order issued in Florida in this case;
>
> (7) improper attorneys' fees charged for work on or review of pleadings in the Florida case;
>
> (8) improper billing in quarter-hour increments;
>
> (9) unnecessary trial observation; and

---

[1] This amount reflects a downward adjustment of $1,800.00 mistakenly included in the $2,601,554.50 originally requested.

(10) excessive fees for travel time.

II.    LEGAL STANDARD

"A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In fact, "Plaintiffs' burden in an application for attorneys fees is to prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

III.   DISCUSSION

A.   Block Billing

As an initial matter, defendants assert that plaintiffs are not entitled to attorneys' fees which have been block billed. "The term 'block billing' refers to 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1285 n.9 (10th Cir. 1998) (*quoting Harold Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 (10th Cir. 1996)). "[W]here block billing makes it difficult, if not impossible, for a court formulating an attorney fee award to determine the amount of time spent on specific tasks, a general reduction in attorney fees may be warranted." *Okla. Natural Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1263 (N.D. Okla. 2004).

In order to assist the determination of reasonable attorneys' fees in this case, the Court ordered plaintiffs to submit contemporaneous, detailed time records in support of the instant motion, and plaintiffs submitted the requested records on September 8, 2010. On the basis of these records,

3

it is clear that plaintiffs did not engage in block billing. The Court finds that plaintiffs have kept meticulous, contemporaneous records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks. In its judicial review of the reasonableness of the claim for attorneys' fees, the Court concludes that no reduction is warranted as related to attorneys' fees which have been block billed.

B. Apportionment

Next, defendants assert that the Court should apportion any award of attorneys' fees with a reduction for attorneys' fees related to plaintiffs' tort claims. Defendants contend that plaintiffs may only recover attorneys' fees incurred for their breach of contract claim and not their remaining claims because the sole legal source of plaintiffs' fee claim is the 2002 RMA. Defendants, therefore, argue that plaintiffs may not receive attorneys' fees for time spent on their tort claims for breach of duty of good faith and fair dealing, breach of fiduciary duty, false representation, nondisclosure, constructive fraud or negligent misrepresentation. In support of their assertion, defendants cite authority for the proposition that the law dictates that the court apportion attorneys' fees in cases involving multiple claims where prevailing party attorneys' fees are authorized for only one claim. *See Tsotaddle v. Absentee Shawnee Hous. Auth.*, 20 P.3d 153, 162 (Okla. Civ. App. 2000) and *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1002 (10th Cir. 2008) (observing that Oklahoma does not recognize an "inextricably intertwined" theory by which attorney fees do not have to be apportioned if the claims are closely related).

Plaintiffs counter that the contractual provision at issue in this case permits them to recover the full amount of their attorneys' fees, regardless of the basis of the claims alleged. Moreover, plaintiffs assert that the facts and circumstances giving rise to the various claims in this case

interrelate to one another. Further, plaintiffs contend that defendants' reliance upon *Tsotaddle* and *Combs* as authority for their attorneys' fees apportionment argument is misplaced because both cases concerned statutory as opposed to contractual bases for the attorneys' fees award sought. The Court agrees.

"The Oklahoma Supreme Court recently reaffirmed that the American Rule governs the right of a litigant to recover fees; thus there must be a statutory or contractual basis for the award. The Court strictly construes any authority for fees and expenses." *Hi-Pro Animal Health v. Halvorson*, 48 P.3d 119, 121 (Okla. Civ. App. 2002) (internal citation omitted). "Where attorney's fees are provided by contract, a trial court does not possess the same degree of equitable discretion to deny such fees as it has when applying a statute providing for a discretionary award. Of course, it may nevertheless, reduce the contractual attorney's fees claims if it finds such an award would be inequitable and unreasonable." *U.S. for Use of C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1549 (10th Cir. 1987) (internal citation omitted).

Having reviewed the parties' submissions, the Court finds that plaintiffs' entitlement to attorneys' fees is contractual, rather than statutory. The Court further finds that the 2002 RMA offers a clear statement which authorizes a prevailing party to "recover the full amount of its reasonable attorneys' fees and court costs incurred in the bringing of such action." Motion, Exhibit 1, at 13, ¶ 8. As plaintiffs are the prevailing party in this dispute arising from the 2002 RMA, the Court finds that plaintiffs have met their burden to provide a reasonable basis for attorneys' fees. Accordingly, the Court finds that no reduction is warranted as to attorneys' fees related to plaintiffs' tort claims.

C.  Three-firm structure

Plaintiffs utilized three firms in this case to coordinate the services these firms provided in connection with this litigation in order to minimize any overlap with respect to their various responsibilities. Defendants assert they are entitled to a reduction in plaintiffs' attorneys' fees request based upon the "unnecessary and duplicative addition of Krugliak Firm which did not actively participate in trial or depositions." Specifically, defendants contend that the Krugliak Firm created an unreasonable layer of billing on top of two of Oklahoma's most prominent litigation firms. Defendants concede that attorneys' fees are otherwise allowable to the two Oklahoma firms, and that the Krugliak Firm is entitled to allowable attorneys' fees incurred before they retained the Oklahoma firms, but not after.

As plaintiffs respond, the Kruliak Firm's role was to oversee the division of labor, consult regarding the nature and basis of claims alleged, document organization, review and coding, and assist in briefing numerous issues raised in this case. Further, plaintiffs argue that the mere fact that three firms prosecuted their case is not some type of proof that their case was either overstaffed, or proof of duplication of effort. In fact, plaintiffs assert that defendants utilized a total of twenty attorneys and eleven paralegals/legal assistants during the course of this litigation, where across three firms plaintiffs utilized eighteen attorneys and seven paralegals/legal assistants. In this respect, plaintiffs contend that it used a level of staffing commensurate with defendants.

"The term duplicative in the context of attorney's fees requests usually refers to situations where more than the necessary number of lawyers are present for a hearing or proceeding or when multiple lawyers do the same task. The more lawyers representing a side of the litigation, the greater the likelihood will be for duplication of services." *Robinson*, 160 F.3d at 1285 n.10 (internal citation

and quotation omitted).

Having reviewed the parties' submissions, the Court finds that plaintiffs' utilization of a three-firm structure was not unreasonable or duplicative such that a reduction in attorneys' fees is warranted on this basis. Specifically, the Court finds that the level of staffing was commensurate between plaintiffs and defendants such that there appears to be no unnecessary staffing in this case. It also appears the firm representing defendants was compensated in an amount roughly equivalent to the attorneys' fees plaintiffs incurred by all three firms. Also, given that "the [Court] may rely on its general experience as well as its closer familiarity with a case to evaluate the parties' argument on a fee issue," *id*. at 1285-86, the Court finds there was no duplicative document review, briefing and research, or deposition preparation, travel and attendance given the breadth of this litigation. Accordingly, the Court declines to reduce plaintiffs' request on the basis of its three-firm structure.

D. Excessive conferencing

Further, defendants assert that plaintiffs cannot recover attorneys' fees for excessive conferencing among firms. For this proposition, defendants cite a district court case which observes the following:

> [J]ust as there can be too many cooks in the kitchen, there can be too many lawyers on a case. My review of the records convinced me that some deduction must be made to account for the overstaffing of this case and the excessive conferencing that, perhaps inevitably, resulted. There was a great deal of "redundancy" in plaintiffs' attorney structure, and the Court concludes that this was certainly a case when, at some point "there [came] a time of diminishing returns." Excessive telephone calls and conferences represent a duplication of effort for which less than full fare should logically be charged for all participants.

*Guckenberger v. Boston Univ.*, 8 F. Supp. 2d 91, 101 (D. Mass. 1998) (internal citation omitted).

In this case, defendants point to nearly one hundred vaguely billed "Thursday conference calls" as a result of the Kruliak Firm's micro-management of this case. As determined above, the Court has concluded that the three-firm structure where the Kruliak Firm coordinated the litigation was not unreasonable. Given that the out of state firm was overseeing litigation in the district, the Court finds it reasonable that plaintiffs would conduct a weekly conference call to review litigation strategy and matters. The Court, therefore, declines to reduce plaintiffs' claimed attorneys' fees on the basis of excessive conferencing.

E. Unsuccessful litigation

As the next basis for reduction in plaintiffs' claimed attorneys' fees, defendants assert that plaintiffs improperly initiated this litigation in the United States District Court for the Middle District of Florida and this was a waste of time, money and resources for all parties. Specifically, defendants object to time entries totaling $41,077.53 of attorneys' fees incurred due to plaintiff's improper forum-shopping gambit. However, where a party's entitlement to attorneys' fees is contractual, "the trial court is not responsible for independently calculating a 'reasonable' fee." *U.S. for Use of C.J.C., Inc.*, 834 F.2d at 1549. The fee provision in this case permits plaintiffs, the prevailing party, to recover the full amount of attorneys' fees. The Court, therefore, finds that these claimed attorneys' fees are reasonable and that no reduction is warranted on the basis of improper forum-shopping.

Defendants also assert plaintiffs are not entitled to recover attorneys' fees incurred in connection with defendants' Oklahoma state case against third-party defendant Kristy Carver. The Oklahoma state case involved Ms. Carver's alleged breach of employment and confidentiality agreements with defendants and her alleged wrongful disclosure of confidential and privileged

information. Defendants contend that plaintiffs were not parties to the Oklahoma state case and were not parties to Ms. Carver's employment agreements with defendants. Because plaintiffs were not entitled to intervene in a contract dispute between defendants and Ms. Carver, defendants request that plaintiffs' claimed attorneys' fees be reduced in the amount of $31,886.57.

A court may reduce the contractual attorneys' fees claimed if it finds such an award would be inequitable and unreasonable. *Id*. Having reviewed the parties' submissions, the Court finds it inequitable and unreasonable to impose plaintiffs' claimed attorneys' fees upon defendants based on a state court action where plaintiffs were not party, much less a prevailing party in that action. Accordingly, the Court concludes that defendants are entitled to a reduction in plaintiffs' attorneys' fees incurred in the amount of $31,886.57.

### F. Florida Protective Order

On March 2, 2009, defendants filed in this case a Motion to Enforce and Adopt Florida Protective Order [docket no. 73]. Plaintiffs objected to the adoption of the Florida Protective Order in this case. Defendants assert the practical result of plaintiffs' objection was that plaintiffs were required to follow two different discovery procedures for largely the same information despite the fact the Kruliak Firm received both sets of documents. Defendants contends that plaintiffs caused discovery to be unnecessarily complex and duplicative, and then ultimately acquiesced to defendants' position in agreeing to adopt the Florida Protective Order.

As previously stated, the Court is not responsible for independently calculating a reasonable fee where plaintiffs' entitlement to attorneys' fees is contractual. The Court finds that plaintiffs' attorneys' fees incurred with respect to the Florida Protective Order are reasonable such that no reduction is warranted. Accordingly, the Court concludes that plaintiffs' attorneys' fees should not

9

be reduced on the basis of the Florida Protective Order.

G. Florida case

Defendants object to plaintiffs' attorneys' fees incurred in the amount of $28,280.00 for reviewing or drafting pleadings filed in the Florida case. Defendants assert they cannot be held responsible for work performed in connection with a case to which it is not a party. The Court agrees. The Court finds that plaintiffs' attorneys' fees incurred for reviewing or drafting pleadings filed in the Florida case are inequitable or unreasonable such that a reduction is warranted. The Court, therefore, concludes that defendants are entitled to reduction in plaintiffs' attorneys' fees incurred in the amount of $28,280.00.

H. Quarter hour increments

Defendants assert that a reduction in plaintiffs' attorneys' fees incurred is warranted because plaintiffs' counsel bill in quarter hour increments as opposed to six minute increments or one-tenth hour increments, and this results in significantly higher total fees. Having reviewed the parties' submissions, the Court finds that the claimed attorneys' fees are not inequitable or unreasonable. The Court, therefore, concludes that no reduction is warranted on the basis of billing in quarter hour increments.

I. Trial observation

Defendants assert that plaintiffs' attorneys' fees incurred should be reduced for duplicative trial attendance by two members of the Oklahoma firms who did not directly engage in the trial. Given, however, the Court's general experience and closer familiarity with this case, the Court finds that the two members of the Oklahoma firms engaged in critical roles behind the scenes of the month-long trial. On this basis, the Court cannot say that their attendance at trial was duplicative

or unnecessary. The Court, therefore, concludes that no reduction is warranted on the basis of trial attendance by two members of Oklahoma firms.

Furthermore, defendants assert that the travel time by attorneys from the Oklahoma firms is improper because plaintiffs have failed to show that this travel time was actually productive time during which legal work was performed. Out of the $48,295.00 of non-duplicative attorneys' fees incurred by plaintiffs' counsel for travel, defendants contend that only 50% or $24,147.50 is recoverable. Having reviewed the parties' submissions, the Court finds plaintiffs have failed its burden to demonstrate that travel time was productive time during which legal work was performed. In this respect, the Court finds that the claimed attorneys' fees are unreasonable such that a 50% reduction is warranted. Accordingly, the Court concludes that plaintiffs should be awarded attorneys' fees in the amount of $24,147.50 as related to travel time from the Oklahoma firms.

IV. CONCLUSION

In all other respects, the Court concludes that plaintiffs' attorneys' fees incurred are reasonable in that the claimed fees represent approximately 15% of the Judgment entered in this case. Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion for attorneys' fees and AWARDS plaintiffs attorneys fees in the amount of $2,515,430.43.

**IT IS SO ORDERED this 28th day of September, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE